UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Joy Mack, | ) | Civil Action No.: 5:14-cv-04125-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Joseph McFadden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Joy Mack, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent Joseph McFadden filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 20 & 21. Petitioner moved to amend his § 2254 petition, and United States Magistrate Judge Kaymani D. West granted Petitioner's motion to amend. *See* ECF Nos. 28 & 34. Respondent filed a supplemental return and memorandum in support of the pending motion for summary judgment, and Petitioner filed a response in opposition. *See* ECF Nos. 37 & 40. The Magistrate Judge issued a Report and Recommendation (R & R) advising the Court to grant Respondent's motion for summary judgment and to dismiss Petitioner's habeas petition with prejudice.[1] R & R at 2, 45; *see* ECF No. 43. Petitioner filed timely objections to the R & R. *See* Pet.'s Objs., ECF No. 50.

The matter is now before the Court for review of the Magistrate Judge's R & R. For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Background**

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

The State of South Carolina indicted Petitioner on charges of armed robbery, kidnapping, and assault and battery with intent to kill, alleging he entered a clothing store with four accomplices, pointed an AK-47 at the store owner, repeatedly struck the owner in the head with the gun, and stole the owner's wallet and over $1,000 in cash. ECF No. 21-1 at 157-60; ECF No. 21-4 at 60-61, 63-64, 66-67. Petitioner proceeded to trial with a codefendant; the jury found Petitioner guilty as charged; and the trial court sentenced Petitioner to an aggregate term of twenty-two years' imprisonment.[2] ECF No. 21-3 at 47, 63-64; ECF No. 21-4 at 62, 65, 68.

The Magistrate Judge provides a thorough summary of the facts and procedural history of this case, with citations to the record, in the R & R. *See* R & R at 2-8. Respondent filed no objections to the R & R, and Petitioner does not object to the Magistrate Judge's rendition of the procedural history. Accordingly, the Court adopts the procedural history set forth in the R & R.

## Standard of Review

**I.    Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[2] The jury found Petitioner's codefendant guilty of the same crimes. ECF No. 21-3 at 45-46.

2

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.     28 U.S.C. § 2254 Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541

3

U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

**III.    *Strickland* Test for Ineffective Assistance of Counsel**

Claims of ineffective assistance of trial counsel must be reviewed under the two-part test

4

enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.

IV.     **Relationship Between § 2254(d) and *Strickland***

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)." *Id.* Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Discussion

Petitioner raised four grounds for relief in his § 2254 petition. *See* Petition at 5-6 (raising Ground One); Amended Petition, ECF No. 1-2 (raising Grounds Two, Three, and Four). He presented allegations of ineffective assistance of trial counsel in Grounds One, Two, and Three of his petition, and in Ground Four, he alleged a due process violation. *Id.* The Magistrate Judge determined Grounds One and Two were not procedurally barred and decided them on the merits, but found Grounds Three and Four were procedurally defaulted. R & R at 18-45. Petitioner objects to the Magistrate Judge's disposition of Grounds One, Two, and Three, but does not object to her disposition of Ground Four. *See* Pet.'s Objs. at 2-8. Accordingly, the Court confines its de novo review to the Magistrate Judge's

recommended disposition of Grounds One, Two, and Three. *See* 28 U.S.C. § 636(b)(1); *Mathews*, 423 U.S. at 270-71.

**I.     Ground One**

Petitioner claimed in Ground One of his § 2254 petition that trial counsel was ineffective for (a) failing to consult an expert in the field of eyewitness identification testimony to help prepare for cross-examination of the victim at trial; and (b) failing to call such an expert to testify in Petitioner's defense. Petition at 5. The Magistrate Judge thoroughly reviewed the records from the trial and the state post-conviction relief (PCR) hearing and recommended granting Respondent's motion for summary judgment as to Ground One. R & R at 31-38. Specifically, the Magistrate Judge found that although trial counsel testified at the PCR hearing that he wished he had retained an eyewitness expert, it was reasonable for the PCR court to conclude Petitioner had not shown trial counsel was ineffective under the *Strickland* test. *Id.* at 36-38. Petitioner objects to the Magistrate Judge's conclusion, arguing trial counsel's PCR testimony—stating he wished he had retained an eyewitness expert—"proves ineffective assistance." Pet.'s Objs. at 2-3. Petitioner asserts that because trial counsel was the sole witness at the PCR hearing, the PCR court had no reason to discredit trial counsel's testimony when "there was no evidence to the contrary." *Id.* at 3.

The Court agrees with the Magistrate Judge that the PCR court did not unreasonably apply *Strickland* to the claims that Petitioner raises in Ground One. As the Magistrate Judge noted, the PCR court found Petitioner failed to prove either the deficient performance or the prejudice prong of his ineffective assistance claim. ECF No. 21-4 at 21-23 (PCR court order). The PCR court focused on the prejudice prong of the two-part test for ineffective assistance of counsel, an approach consistent with that outlined by the Supreme Court in *Strickland*. *See Strickland*, 466 U.S. at 697 ("[A] court need not

determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed."). First, the PCR court found Petitioner did not demonstrate prejudice from counsel's alleged failure to consult an eyewitness expert before trial, noting trial counsel testified at the PCR hearing that he "was familiar with the concept of a cross-racial bias in witness identification" and that "the fact that the victim (who was Caucasian) was married to an African-American impacted his decision not to explore this line of questioning (as [Petitioner] was also African-American)."[3] ECF No. 21-4 at 22. Second, the PCR court found Petitioner did not show prejudice from counsel's alleged failure to call an eyewitness expert to testify at trial, relying on the following evidence: (1) trial counsel thoroughly cross-examined the victim about the crime and his identification of Petitioner; (2) trial counsel cross-examined the police officers who investigated the case about the discrepancies between their written police reports and trial testimony, the delay in the victim's coming forward with an identification of Petitioner, and the lack of evidence linking Petitioner to the crimes; and (3) "trial counsel did an excellent job of both impeaching the victim's identification and credibility and highlighting the lack of physical evidence against [Petitioner]." ECF No. 21-4 at 22. Based on these findings, the PCR court concluded Petitioner failed to demonstrate a reasonable probability that the outcome of trial would have been different had trial counsel consulted or called as a witness an eyewitness expert. *Id.*

The Court finds the PCR court's conclusion of no prejudice constitutes a reasonable application

---

[3] This finding also appears to relate to whether trial counsel made a strategic decision not to call an eyewitness expert to testify about bias in cross-racial identification. *See Byram v. Ozmint*, 339 F.3d 203, 209 (4th Cir. 2003) ("[R]eview of counsel's strategic decisions as to which evidence to present at trial is 'highly deferential,' and there is a presumption that 'counsel's conduct falls within the wide range of reasonable professional assistance.'" (quoting *Strickland*, 466 U.S. at 689)).

7

of *Strickland*. Trial counsel cast doubt upon the reliability of the victim's identification through extensive cross-examination of both the victim and the investigating officers and placed the issue squarely before the jury. Although Petitioner correctly points out trial counsel was the only witness to testify at the PCR hearing, *see* Pet.'s Objs. at 2-3, he misapprehends the fact that trial counsel's PCR testimony was not the only evidence for the PCR court to consider—the PCR court also had ample evidence of counsel's performance available in the trial transcript. *See* PCR Court's Order, ECF No. 21-4 at 17 ("The [c]ourt had before it the trial transcript . . . ."); *see also* S.C. Code Ann. § 17-27-80 (2014) (stating that in issuing an order on a PCR application, the PCR "court may receive proof by affidavits, depositions, oral testimony *or other evidence*" (emphasis added)). Taking into account *all* the evidence, the PCR court reached a conclusion that Petitioner failed to demonstrate there was a reasonable probability that the jury would have found him not guilty had trial counsel utilized an expert in the field of eyewitness identification testimony. This conclusion was neither contrary to nor an unreasonable application of *Strickland*. Accordingly, the Court overrules Petitioner's objections relating to Ground One and grants Respondent's motion for summary judgment as to this ground.[4]

---

[4] Petitioner also contends the Magistrate Judge erred in denying his motion for an evidentiary hearing. Pet.'s Objs. at 1-2; *see* ECF No. 31 (Petitioner's motion). He argues that because the PCR court refused to consider an affidavit (which was completed by a purported eyewitness expert and admitted as a court exhibit at the PCR hearing) as evidence, a federal habeas evidentiary hearing is necessary "to fully develop the issue of prejudice." Pet.'s Objs. at 1. The Magistrate Judge denied Petitioner's motion after finding the record contained a sufficient factual basis for habeas review of Ground One. *See* R & R at 1-2 n.1. The Court summarily overrules Petitioner's objection for the reasons stated in the Magistrate Judge's R & R. *See generally* 28 U.S.C. § 2254(e)(2) (stating a district court "shall not hold an evidentiary hearing" unless the habeas petitioner shows (1) his claim rests upon a new rule of constitutional law or on a factual basis that could not have been previously discovered through due diligence; and (2) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the [petitioner] guilty of the underlying offense"). Additionally, the Court notes the PCR court's refusal to consider the affidavit as evidence is not cognizable in a federal habeas proceeding because it concerns a state court ruling on the admissibility of evidence. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Cocklin v. Hagan*, No. C.A.9:06-1475-PMDGCK, 2006 WL 3489264, at *18-19 (D.S.C. Dec. 4, 2006) (denying habeas relief on a ground involving the admissibility of evidence in a state trial, stating "'the admissibility of evidence . . . [is a] matter[] of state law and procedure not involving federal constitutional issues,'" and explaining "'[i]t is only in circumstances impugning fundamental fairness or infringing

**II.     Ground Two**

In Ground Two, Petitioner claimed trial counsel was ineffective for failing to join the codefendant's motion to impeach the victim with evidence of a pending criminal charge (for counterfeiting goods). Amended Petition at 1-2. Petitioner claimed that had trial counsel joined the codefendant's motion to impeach, the issue would have been preserved for review on direct appeal. *Id.* at 2. The PCR court denied relief on this claim, finding that although trial counsel acknowledged at the PCR hearing that he did not join the motion to impeach and believed he should have, Petitioner failed to meet his burden to prove an ineffective assistance claim. ECF No. 21-4 at 20-21. The Magistrate Judge recommends the Court grant summary judgment as to Ground Two because the PCR court's findings are neither contrary to nor an unreasonable application of clearly established Supreme Court precedent. R & R at 38-45. Petitioner objects to this recommendation, arguing that because trial counsel was the only witness at the PCR hearing and admitted he should have joined the motion to impeach, the PCR court and the Magistrate Judge erred in discounting trial counsel's testimony. Pet.'s Objs. at 4-6. Petitioner claims that had trial counsel been allowed to impeach the victim with his pending criminal charge that was being prosecuted by the same solicitor's office, counsel would have been able to "show[] bias and ultimately discredit the victim's testimony." *Id.* at 5-6. Additionally, Petitioner asserts that by joining in the motion to impeach, trial counsel could have at least obtained a proffer of the victim's impeachment testimony that would have been preserved for review on appeal, regardless of the trial court's ultimate ruling on its admissibility. *Id.* at 5.

The Court agrees with the Magistrate Judge that the PCR court did not unreasonably apply

---

specific constitutional protections that a federal question is presented'" (quoting *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960))).

*Strickland* to the claim that Petitioner raises in Ground Two. In evaluating the allegation that trial counsel was ineffective for not joining the codefendant's motion to impeach, the PCR court centered its analysis on the prejudice prong of *Strickland*. ECF No. 21-4 at 20-21. The PCR court noted it was undisputed that trial counsel did not join in the motion, but determined the trial record showed counsel was able to adequately impeach the victim's credibility on cross-examination without needing to refer to the victim's pending charge. *Id.* Specifically, the PCR court found trial counsel cross-examined the victim about his description of Petitioner at trial versus that given in his police statements and at a pretrial hearing. *Id.* at 21. The PCR court pointed to the fact that trial counsel questioned the victim about whether his identification of Petitioner was affected by noticing Petitioner's photograph in the newspaper and seeing Petitioner several times before trial. *Id.* Based on these findings, the PCR court concluded Petitioner did not prove a reasonable probability that the result of his trial would have been different had trial counsel joined his codefendant's motion to impeach.

Given the PCR court's findings and conclusion of no prejudice—which the Magistrate Judge comprehensively examines in the R & R—the Court overrules Petitioner's objections concerning Ground Two. In contending the PCR court erred in discounting trial counsel's PCR testimony (stating he believed he should have joined in the codefendant's motion to impeach), *see* Pet.'s Objs. at 5-6, Petitioner again neglects the fact that the PCR court evaluated trial counsel's performance not only by considering his PCR testimony but also by examining evidence of his performance contained in the trial transcript. *See* PCR Court's Order, ECF No. 21-4 at 17 ("The [c]ourt had before it the trial transcript . . . ."). Counsel's performance at trial shows he exhaustively attacked the victim's credibility through cross-examination and placed this issue before the jury, as the PCR court recognized in its findings summarized in the previous paragraph. Plaintiff's objection regarding the opportunity for a

10

proffer of the victim's impeachment testimony relating to the pending counterfeit charge, *see* Pet.'s Objs. at 5, fails for similar reasons because he still has not shown the result of his trial—or appeal—would have been different with the availability of such proffered testimony, a showing necessary under the prejudice prong of the *Strickland* test for ineffective assistance of counsel.[5]  *See Strickland*, 466 U.S. at 688, 694.  Having conducted a de novo review of the ineffective assistance claim raised in Ground Two, the Court concludes the PCR court neither unreasonably applied nor acted contrary to clearly established Supreme Court precedent in denying relief on the claim.  *See* 28 U.S.C. § 2254(d).  The Court overrules Petitioner's objections concerning Ground Two and grants Respondent's motion for summary judgment as to this ground.

## II.     Ground Three

Petitioner claimed in Ground Three that trial counsel was ineffective for failing to move to suppress "and/or" object to the victim's in-court identification of Petitioner on the basis that the identification was unreliable under *Neil v. Biggers*, 409 U.S. 188 (1972).  Amended Petition at 2.  In his response opposing the motion for summary judgment, Petitioner acknowledged Respondent's argument that the claim in Ground Three was procedurally defaulted, but maintained he could show cause and prejudice to excuse the default under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).[6]  ECF No.

---

[5]     The Court also notes the trial court denied the codefendant's motion to impeach, *see* ECF No. 21-1 at 155-56, and therefore Petitioner has not shown a reasonable probability that the trial court would have granted such a motion for him had trial counsel made one.  This fact supports a finding of no prejudice under the *Strickland* test, though the Court recognizes Petitioner's belief that an appellate court could have reversed the trial court had the motion been made and the issue preserved for appeal.

[6]     The Supreme Court in *Martinez* held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

40 at 6-8. The Magistrate Judge thoroughly reviewed the records from the state court proceedings, determined Ground Three was procedurally defaulted, and found Petitioner could not establish cause and prejudice under *Martinez*. R & R at 22-28.

The argument raised in Petitioner's objection concerning Ground Three mirrors the argument made in his response opposing Respondent's motion for summary judgment. *Compare* ECF No. 40 at 7-8 ("Trial counsel was successful in getting the photo line-up suppressed based upon the unreliability of the identification but he never moved to have the in-court identification suppressed nor did he object[] to the in-court identification of Petitioner on unreliability grounds."), *with* Pet.'s Objs. at 7 ("Petitioner's [t]rial [c]ounsel dedicated his entire argument specifically to the exclusion of the photo line-up. Therefore, he could . . . not have gotten a ruling on a[n] in-court identification issu[e]."). Petitioner has essentially rehashed the argument that he presented to the Magistrate Judge when opposing the motion for summary judgment. Moreover, the remainder of Petitioner's objection to Ground Three recites facts that the Magistrate Judge necessarily considered when discussing and disposing of Ground Three. Pet.'s Objs. at 7-8. The Court sees no reason to delve into those facts or repeat that discussion here, and instead adopts the Magistrate Judge's analysis in its entirety. *See* R & R at 25-28; *cf. Smith v. Drew*, No. 0:10-CV-297-RMG-PJG, 2010 WL 4877842 (D.S.C. Nov. 24, 2010) (adopting an R & R in a situation where the petitioner merely rehashed the same arguments presented to the magistrate judge), *aff'd*, 427 F. App'x 253 (4th Cir. 2011); *Gaines v. S. Carolina*, No. CIV.A.0:08CV00530RBH, 2009 WL 3817287 (D.S.C. Nov. 12, 2009) (finding that because the petitioner's objections merely restated the claims from his habeas petition, the district court had no

---

132 S. Ct. at 1320.

reason to engage in a second analysis of those claims, which the magistrate judge had already addressed in thorough detail in the R & R). Nonetheless, out of an abundance of caution, the Court has reviewed de novo the facts and arguments Petitioner relies on to support his claim in Ground Three. Having done so, the Court agrees with the Magistrate Judge that Ground Three is procedurally defaulted and that Petitioner has not shown cause and prejudice to excuse the default under *Martinez*. The Court therefore overrules Petitioner's objections concerning Ground Three and grants Respondent's motion for summary judgment as to this ground.

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### **Conclusion**

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a de novo review of the portions of the R & R to which Petitioner specifically objects, and it finds no merit in his objections. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules

Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 43].

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 20] is **GRANTED**, that Petitioner's motion for an evidentiary hearing [ECF No. 31] is **DENIED**, and that Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


Florence, South Carolina                                     s/ R. Bryan Harwell
September 22, 2015                                           R. Bryan Harwell
                                                             United States District Judge